AO 106 (Rev. 04/10) Application for a Search Warrant

Received

NOV 23 2015

# UNITED STATES DISTRICT COURT
## for the
### Western District of Washington

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) ) |
| IN THE MATTER OF THE USE OF: a Cell-Site Simulator to Locate the Cellular Device Assigned Call Number (619) 322-8767 | ) ) ) ) |

Case No.  MJ 15 - 5213

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is incorporated herein by reference

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1349 | conspiracy to commit bank fraud, bank fraud, possession of stolen mail, |
| 18 U.S.C. § 1344 | obstruction of justice § 1512(b)(2)(D) |
| 18 U.S.C. § 1708 | |

The application is based on these facts:

Affidavit of Adrian Rolfe

☑ Continued on the attached sheet.

☑ Delayed notice of __5__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Adrian Rolfe, USMS Senior Inspector
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/23/2015

_____
*Judge's signature*

City and state:  Tacoma, WA

Magistrate Judge Karen L. Strombom
_____
*Printed name and title*

**AFFIDAVIT OF ADRIAN ROLFE**

STATE OF WASHINGTON      )

                                 )    ss

COUNTY OF PIERCE         )

       I, Adrian Rolfe, being first duly sworn on oath, depose and say:

## I.    INTRODUCTION AND AGENT BACKGROUND

       1.     I am a Senior Inspector with the U.S. Marshals Service (USMS), and have been since June of 2000. I have worked for the USMS Investigative Operations Division for the last 10 years where my primary responsibility has been fugitive investigations and technical operations. My law enforcement training included attending both the Criminal Investigations Training Program at the Federal Law Enforcement Training Center as well as the Basic Deputy U.S. Marshal Training. I have received hundreds of hours of specialized training in the field of electronic surveillance, radio frequency (RF) theory, cellular networks, and cell phone call analysis. I have been the case agent for many high risk, violent, and high-profile fugitive cases. I have used various methods to conduct in-depth and intricate investigations to locate fugitives.

## II.    PURPOSE OF THIS AFFIDAVIT

       2.     This affidavit is submitted in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ a cell-site simulator, which is further described in Attachment B hereto, to determine the location of the cellular device assigned call number (619) 322-8767, (hereinafter "Target Cell Device"), which is described in Attachment A hereto.

       3.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the

AFFIDAVIT OF ADRIAN ROLFE - 1
USAO 2015R01328

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    events and circumstances described herein, and information gained through my training

2    and experience.

3         4.      One purpose of applying for this warrant is to determine with precision the

4    Target Cellular Device's location.  However, there is reason to believe the Target

5    Cellular Device is currently located somewhere within this District because the cell-site

6    data obtained for the Target Cellular Device indicated that it was found in this District

7    two days ago.  Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular

8    Device outside the District provided the device is within the District when the warrant is

9    issued.

10        5.      Based on the facts set forth in this affidavit, there is probable cause to

11    believe that Andree ARTIS has violated 18 U.S.C. § 1349, conspiracy to commit bank

12    fraud, 18 U.S.C. § 1344, bank fraud, 18 U.S.C. § 1708, possession of stolen mail, and 18

13    U.S.C. § 1512(b)(2)(D), obstruction of justice.  Andree ARTIS was charged with these

14    crimes on July 23, 2015, and is the subject of an arrest warrant issued on July 23, 2015.

15    There is also probable cause to believe that (Andree ARTIS) is aware of these charges

16    and has fled.  There is also probable cause to believe that the Target Cellular Device's

17    location will assist law enforcement in arresting Andree ARTIS, who is a "person to be

18    arrested," within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

19        6.      Because collecting the information authorized by this warrant may fall

20    within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18

21    U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute

22    as well as Rule 41.  *See* 18 U.S.C. §§ 3121-3127.  This warrant therefore includes all the

23    information required to be included in a pen register order.  *See* 18 U.S.C. § 3123(b)(1).

### III.   STATEMENT OF PROBABLE CAUSE

25

       7.      On July 23, 2015, Andree ARTIS was indicted along with 10 co-defendants

26

in the Western District of Tennessee for violations of 18 U.S.C. § 1349, conspiracy to

27

commit bank fraud, 18 U.S.C. § 1344, bank fraud, 18 U.S.C. § 1708, possession of stolen

28

AFFIDAVIT OF ADRIAN ROLFE - 2
USAO 2015R01328

1   mail, and 18 U.S.C. § 1512(b)(2)(D), obstruction of justice. All 10 co-defendants have

2   been arrested in this case, leaving fugitive ARTIS's warrant outstanding. Thus far,

3   investigators have been unable to locate Andree ARTIS, who is no longer residing at his

4   usual place of abode and is now a fugitive from justice.

5          8.      Through my investigation, and the investigation of other law enforcement

6   officers, I learned that Andree ARTIS has a daughter named "Audree ARTIS" who was

7   also listed in the indictment as a co-defendant on July 23, 2015. Audree ARTIS self-

8   surrendered in the Western District of Tennessee on August 31, 2015 and is currently on

9   bond. I believe ARTIS knows of this indictment and is actively avoiding arrest.

10         9.      On November 16, 2015, Deputies in the San Diego, California office

11  interviewed Andree ARTIS's mother in San Diego. ARTIS's mother advised that

12  Andree ARTIS texted her from cell number (619) 322-8767, which is a number serviced

13  by Verizon Wireless. I therefore believe that location information as to this phone

14  number will assist law enforcement in locating and arresting ARTIS. Moreover, this

15  number has been located on call detail records of a co-defendant in this case, which

16  further shows that ARTIS is connected to the target device.

17         10.     Deputies in the Western District of Tennessee learned that Andree ARTIS

18  is the subscriber for the Verizon Wireless Target Cellular Device (619) 322-8767.

19         11.     On November 18, 2015, Magistrate Judge Diane Vescovo, from the

20  Western District of Tennessee, authorized the same type of warrant that is the subject of

21  this application. I am applying for a new warrant because law enforcement learned after

22  the issuance of the Tennessee warrant that the phone was not in the Western District of

23  Tennessee at the time the warrant was executed, despite the good faith belief of the

24  search warrant affiant.

25         12.     I received location information from Verizon Wireless indicating that

26  ARTIS has been in the Western District of Washington since November 22, 2015.

27  ARTIS recently left the District of Oregon and entered Vancouver, Washington. The

28

AFFIDAVIT OF ADRIAN ROLFE - 3
USAO 2015R01328

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  most recent cell site location information from Verizon Wireless indicates that ARTIS is

2  in the Vancouver, Washington area.

3                              **IV.    MANNER OF EXECUTION**

4          13.     In my training and experience, I have learned that cellular phones and other

5  cellular devices communicate wirelessly across a network of cellular infrastructure,

6  including towers that route and connect individual communications.  When sending or

7  receiving a communication, a cellular device broadcasts certain signals to the cellular

8  tower that is routing its communication.  These signals include a cellular device's unique

9  identifiers.

10         14.     To facilitate execution of this warrant, law enforcement may use an

11  investigative device or devices capable of broadcasting signals that will be received by

12  the Target Cellular Device or receiving signals from nearby cellular devices, including

13  the Target Cellular Device.  Such a device may function in some respects like a cellular

14  tower, except that it will not be connected to the cellular network and cannot be used by a

15  cell phone to communicate with others.  The device may send a signal to the Target

16  Cellular Device and thereby prompt it to send signals that include the unique identifier of

17  the device.  Law enforcement may monitor the signals broadcast by the Target Cellular

18  Device and use that information to determine the Target Cellular Device's location, even

19  if it is located inside a house, apartment, or other building.

20         15.     The investigative device may interrupt cellular service of phones or other

21  cellular devices within its immediate vicinity.  Any service disruption to non-target

22  devices will be brief and temporary, and all operations will attempt to limit the

23  interference with such devices.  In order to connect with the Target Cellular Device, the

24  device may briefly exchange signals with all phones or other cellular devices within its

25  vicinity.  These signals may include cell phone identifiers.  The device will not complete

26  a connection with cellular devices determined not to be the Target Cellular Device, and

27  law enforcement will limit collection of information from devices other than the Target

28  Cellular Device.  To the extent that any information from a cellular device other than the

AFFIDAVIT OF ADRIAN ROLFE - 4
USAO 2015R01328

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Target Cellular Device is collected by the law enforcement device, law enforcement will

2  delete that information, and law enforcement will make no investigative use of it absent

3  further order of the court, other than distinguishing the Target Cellular Device from all

4  other cellular devices.

### V.    CONCLUSION

6      16.    Based on the foregoing, I request that the Court issue the proposed search

7  warrant, pursuant to Federal Rule of Criminal Procedure 41.  The proposed warrant also

8  will function as a pen register order under 18 U.S.C. § 3123.  I further request that the

9  Court authorize execution of the warrant at any time of day or night, owing to the

10  potential need to locate the Target Cell Phone outside of daytime hours.

11      17.    Prior to being submitted to the Court, this affidavit, the accompanying

12  application, and the requested search warrant were all reviewed by Assistant United

13  States Attorney (AUSA) Thomas Woods, who advised me that in his opinion the affidavit

14  and application are legally and factually sufficient to establish probable cause to support

15  the issuance of the requested warrant.

### VI.    REQUEST FOR DELAYING NOTICE

18      18.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of

19  Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to

20  delay notice until 5 days after the collection authorized by the warrant has been

21  completed.  This delay is justified because there is reasonable cause to believe that

22  providing immediate notification of the warrant may have an adverse result, as defined in

23  18 U.S.C. § 2705.  Based upon my knowledge, training, and experience, it is my belief

24  that providing immediate notice to the subscriber or user of the Target Cell Phone may

25  result in flight from prosecution, intimidation of potential witnesses, and/or otherwise

26  seriously jeopardize an investigation.  *See* 18 U.S.C. § 3103a(b)(1).  There is reasonable

27  necessity for the use of the technique described above, for the reasons set forth above.

28  *See* 18 U.S.C. § 3103a(b)(2).

AFFIDAVIT OF ADRIAN ROLFE - 5
USAO 2015R01328

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## VII.   REQUEST FOR SEALING

19.     I further request that the Court issue an order sealing all papers submitted in support of the requested search warrant, including the application, this affidavit, the attachments, and the requested search warrant.  I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may cause flight from prosecution, cause intimidation of potential witnesses, or otherwise seriously jeopardize an investigation.  Premature disclosure of the contents of the application, this affidavit, and the requested search warrant may adversely affect the integrity of the investigation.

ADRIAN ROLFE
Senior Inspector
United States Marshals Service

SUBSCRIBED AND SWORN before me this 23 day of November, 2015.

HON. KAREN L. STROMBOM
U.S. Magistrate Judge

AFFIDAVIT OF ADRIAN ROLFE - 6
USAO 2015R01328

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **ATTACHMENT A**
### **Property to be Searched**

This warrant authorizes the use of the electronic investigative technique described in Attachment B on the cellular telephone assigned phone number (619) 322-8767, whose wireless provider is Verizon.

Attachment A
USAO 2015R01328

## ATTACHMENT B
### Particular Things To Be Seized

This Warrant authorizes the officers to whom it is directed to determine the location of the cell phone identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cell phone for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cell phone in response to signals sent to the cell phone by the officers;

for a period of fourteen days from November 23, 2015, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, or Internet data, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

## MANNER OF EXECUTION

1. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

Attachment B
In re search of cellular phone 619-322-8767
USAO 2015R01328

2.     The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity.   Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices.   In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices within its vicinity.   These signals may include cell phone identifiers.   The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device.   To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

Attachment B
In re search of cellular phone 619-322-8767
USAO 2015R01328